IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

| | |
|---|---|
| LEON ROMERO, et al., | No. CIV 02-1102 BB/DJS |
| FRANK ARAGON, et al., | No. CIV 02-1104 BB/ DJS |
| BRIAN CROCKETT, et al., | No. CIV 02-1106 BB/LCS |
| MICHAEL CASILLAS, et al., | No. CIV 02-1190 BB/DJS |

Plaintiffs,

v.

GARY JOHNSON, et al.,

Defendants.

MEMORANDUM OPINION
AND
ORDER

THIS MATTER is before the Court on the Order to Show Cause why the State Defendants' Motion to Dismiss should not be Granted, and the Court having reviewed Defendants' brief (Plaintiffs' counsel having failed to respond) and entertained oral argument on January 30, 2003, FINDS Plaintiffs' counsel has wilfully and in bad faith repeatedly failed to follow the Rules of Professional Conduct and the Lawyer's Creed of Professionalism as adopted by D.N.M.LR-Civ. 83.9. The Court will therefore condition the filing of any further pleadings in these cases upon the payment of reasonable attorneys' fees to compensate defense counsel for unnecessary proceedings.

*Discussion*

The Local Rules of this Court incorporate both the New Mexico Rules of Professional Conduct and A Lawyer's Creed of Professionalism of the State Bar of New Mexico. *See* D.N.M.LR-Civ. 83.9. The New Mexico Rules of Professional Conduct require that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Rule 16-302 NMRA. The New Mexico Lawyer's Creed C(5) requires counsel pledge to "refrain from using litigation, delaying tactics, or any other course of conduct to harass the opposing party." Plaintiffs' counsel, Paul Livingston, has ignored these obligations in the four cases presently at issue as well as numerous related cases. Including these cases, Plaintiffs' counsel has filed twenty-three lawsuits in which he alleged essentially the same facts and causes of action alleged by Plaintiffs in these cases.[1] These cases all arise out of the transfer of Plaintiffs and their alleged treatment at Wallens Ridge prison in Virginia.

---

[1] *See (1) Humphries v. Johnson*, CIV 00-97 LH-WWD; *(2) Jackson v. Johnson*, CIV 00-268 LH/WWD; *(3) Fry v. Johnson*, CIV 00-389 M/WWD; *(4) Richardson v. Johnson*, CIV 00-416 JP/WWD; *(5) Torres v. Johnson*, CIV 00-650 LH/WWD; *(6) Montano v. Johnson*, CIV 00-651 JC/WWD; *(7) Hilliard v. Johnson*, CIV 00-653 M/WWD; *(8) Lucero v. Johnson*, CIV 00-654 BB/WWD; *(9) Goree v. Wackenhut Corrections Corp.*, CIV 00-1227 LH/WWD; *(10) Leewright v. Johnson*, CIV 00-1560 JP/RLP; *(11) Archuleta v. Johnson*, CIV 00-1797 BB/DJS; *(12) Peppers v. Wackenhut Corrections Corp.*, CIV 01-402 WJ/LFG; *(13) Fuentes v. Johnson*, CIV 01-536 LH/LCS; *(14) Hagle v. Johnson*, CIV 01-630 BB/RLP; *(15) Giron v. Johnson*, CIV 01-700 M/RLP; *(16) Romero v. Johnson*, CIV 02-1102 BB/DJS; *(17) Aragon v. Johnson*, CIV 02-1104 BB/DJS; *(18) Espinosa v. Perry*, CIV 02-1105 LH/WWD; *(19) Crockett v. Johnson*, CIV 02-1106 BB/LCS; *(20) Chapman v. Johnson*, CIV 02-1189 LH/WWD; *(21) Casillas v. Johnson*, CIV 02-1190 BB/DJS; *(22) Torres v. Johnson*, CIV 02-1191 JP/LFG; and *(23) Sedillo v. Johnson*, CIV 02-1199 LH/LFG.

Collectively, State Defendants and Wackenhut Defendants have filed ninety dispositive motions and fifteen motions seeking stay of discovery in these cases.  Mr. Livingston has only filed eleven responses to State Defendants' and Wackenhut Defendants' dispositive motions and no responses to the motions seeking stay of discovery.  In the present case, Mr. Livingston did not respond to any of Defendants' motions to dismiss. At oral argument, Mr. Livingston stated his position that Defendants motions based on qualified immunity and the other Federal Rule of Civil Procedure 12 grounds are so frivolous he need not respond.[2]  Mr. Livingston maintains Tenth Circuit precedent precludes dismissal under D.N.M.LR Civ-7.1(b) which provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."[3]  Rather, it is his position that the Court should assume the burden of representing his clients and carefully dissect each of Defendants' motions, then rule in his favor.  He further maintains that as a sole practitioner he is unable to handle so many cases and would now move to consolidate them.[4]

_____

[2]      This Court's prior grant of Defendants' motion to dismiss on the merits would suggest otherwise.  *Archuleta v. Johnson*, CIV 00-1797 BB/DJS.  Rather than appeal, however, Mr. Livingston waited seven months and then filed a motion to reconsider in that case.

[3]      Fourteen of these cases have already been dismissed relying in part on this Local Rule.

[4]      This ignores the fact that as Plaintiffs' counsel, it was Mr. Livingston who selected the form in which to file these cases.  It further flies in the face of his statements favoring consolidation for discovery but arguing that "[w]hile consolidation will often serve a beneficial purpose, granting Defendants' Motion to Consolidate would serve no useful purpose at this time."

3

When Mr. Livingston is sanctioned for such conduct, he responds with an untimely appeal[5] or a more untimely motion to reconsider.[6] This appears to be a strategic attempt to prevent such rulings from becoming final. Bad faith may be inferred from Mr. Livingston's consistent dilatory tactics over the span of the twenty-three Wallens Ridge cases. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962).

When an attorney undertakes to represent a client, the latter is entitled to assume the attorney will take all necessary action in a timely fashion. *In re Carrasco*, 742 P.2d 506, 507 (N.M. 1987); *Carter v. Mississippi Bar*, 654 So.2d 505 (Miss. 1995). A lawyer who continues to ignore deadlines and knowingly delay proceedings may appropriately be subjected to the most severe forms of discipline. *See Oklahoma ex rel. Oklahoma Bar Assoc. v. Thomas*, 911 P.2d 907 (Okla. 1995).

This Court will not impose the most severe sanctions on Mr. Livingston or his clients. *Murray v. Tahlequah*, 312 F.3d 1196 (10th Cir. 2002). But this Court must address the injustice caused by his continuing bad faith delay of litigation. *Lanier v.*

---

*Humphries v. Johnson*, CIV 00-97 LH/WWD. Pls' Resp. to New Mexico Defs.' Mot. Consol. at 5. Moreover, at oral argument on the present show cause hearing, Mr. Livingston appeared unwilling to give up the position staked out in *Humphries* that, "Plaintiffs filed separate and individual lawsuits to state their separate and individual claims." *Ibid* at 4.

[5]   *See, e.g., Peppers v. Wackenhut Corrections Corp.*, CIV 01-402 WJ/LFG.

[6]   *Lucero v. Johnson*, CIV 00-654 BB/WWD (Motion to Reconsider filed ten months after Order Granting Dismissal); *Archuleta v. Johnson*, CIV 00-1797 BB/DJS (Motion to Reconsider filed seven months after Order Granting Dismissal). Indeed, in the instant case he appeared at the hearing on the show cause order with responses to all of Defendants' motions in hand. Unfortunately, they were six weeks late without any excuse.

4

*NASCO*, 501 U.S. 32 (1991). The appropriate remedy is therefore to condition the filing of further pleadings by Plaintiffs upon the payment of reasonable costs and attorneys' fees for requiring Defendants' counsel to prepare a response and appear at the show cause hearing. *Roadway Express v. Piper*, 447 U.S. 752 (1980); *Smith v. Legg*, 24 F.3d 650 (5th Cir. 1994).


### O R D E R

Defendants will submit an appropriate bill for costs and attorneys' fees on or before February 14, 2003. Plaintiffs' counsel will have until February 24, 2003, to submit any objections to Defendants' bill. Plaintiffs may not file further pleadings until the matter of compensation for the delay caused by Plaintiffs' counsel is resolved.


Dated at Albuquerque this 7th day of February, 2003.


BRUCE D. BLACK
United States District Judge


For Plaintiffs:
    Paul Livingston, Albuquerque, NM

For Defendants:
    Luis Robles, FRENCH & ASSOCIATES, Albuquerque, NM

5